JOSÉ CORDERO, Plaintiff and Appellant, *v.* R. SANTAELLA & BRO., INC., Defendant and Appellee.

No. 9264. Argued May 19, 1947.—Decided July 14, 1947.

---

[5] See § 742 of the Civil Code, 1930 ed.

*Ismael Soldevila* for appellant. *Córdova & González, Carlos J. Faure,* and *José López Baralt* for appellee. *José López Baralt* for intervener Oscar A. Gandía.

Mr. Chief Justice Travieso delivered the opinion of the Court.

The plaintiff José Cordero brought, in the District Court of San Juan, an action for damages against R. Santaella & Bros., Inc., and requested leave to litigate in *"forma pauperis,"* which was granted. On July 24, 1945, the court rendered judgment dismissing the complaint. The plaintiff has appealed from that judgment and requested leave to prosecute his appeal in *forma pauperis,* which was also granted. The court issued an order for the transcript of evidence to be prepared, but that order was never notified to the stenographer who had taken the stenographic notes at the trial. It so appears from the certificate issued by the clerk of the lower court, attached to the record. It should be stated that the plaintiff has at all times been represented by counsel. The defendant-appellee has now requested that the appeal be dismissed, among other grounds, because it has not been prosecuted with due diligence, and because the court stenographer was never notified of the order for the preparation of the transcript of the evidence.

The plaintiff urges that the stenographer could not be notified due to the fact that he was on sick leave, without attending his office, and that the attorney for appellant had verbally notified him after the twenty days set for filing the transcript.

From the record it appears that the plaintiff requested and obtained from the court *a quo* several extensions to file the transcript of the evidence. It does not appear, however,

that the clerk was notified within the twenty days for the filing of the transcript or that any extension had been requested to serve such notice.

In the case of *Salichs* v. *Board of Examiners,* 39 P.R.R. 224, it was held:

"The appeal must be dismissed, because the original time of twenty days for preparing the stenographer's notes expired without a due notice to the stenographer and a due extension for such notification was not obtained."

To the same effect see *Abarca* v. *Rodríguez,* 41 P.R.R. 103.

The motion for dismissal should be granted.